## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AIKINS FRIMPONG, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-1079 |
| J.C. ZUERCHER, | ) |
| Respondent. | ) |

## ORDER

This matter now is before the Court on Petitioner Aikins Frimpong's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Respondent J.C. Zuercher's Motion to Dismiss. For the reasons set forth below, the Petition [#1] is DISMISSED, and the Motion to Dismiss [#3] is MOOT.

### BACKGROUND

Frimpong was convicted in the United States District Court for the Southern District of Iowa for conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On February 2, 2005, he was sentenced to a seven-year-and-two-month term of imprisonment and five years of supervised release.

Frimpong filed the instant Petition for Writ of Habeas Corpus when he was incarcerated at the Federal Correctional Institution at Pekin, Illinois, alleging that the Bureau of Prisons (BOP) provided him with a revised sentence computation sheet changing his pre-release preparation date to May 20, 2008, allegedly extending his sentence by six months. Frimpong contends that this alleged sentence extension was due to him not

receiving credit for time served. Frimpong requested that the Court order the BOP to release him from custody effective May 11, 2008, which purportedly accords with his original release date.

Respondent filed a Motion to Dismiss arguing that Frimpong failed to exhaust administrative remedies, and that Frimpong was scheduled to be released on May 11, 2008. While this Petition was pending, and prior to Frimpong filing a Traverse, Frimpong was released from custody on May 9, 2008, and remanded to the custody of the Bureau of Immigration and Customs Enforcement. This Order follows.

## DISCUSSION

For this Court to have jurisdiction, Article III of the United States Constitution requires that a "case or controversy" exists. "[A] party must demonstrate standing to sue by establishing (1) an injury in fact; (2) 'a causal connection between the injury and the conduct complained of'; and (3) a likelihood that the injury will be redressed by a favorable decision." *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 756 (7th Cir. 2008) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992)); *see also Allen v. Wright*, 468 U.S. 737, 750-51, 104 S. Ct. 3315 (1984).

Frimpong has been released from custody, and he was released two days before the date that he requested the Court to order the BOP to release him. Because Frimpong sustained no injury in fact by being confined beyond his scheduled release date, and no Order by this Court could redress his alleged injury, Frimpong does not present a case or controversy to the Court. Accordingly, this Petition must be dismissed for lack of jurisdiction because Frimpong lacks standing to assert the claim.

**CONCLUSION**

For the reasons set forth herein, the Petition [#1] is DISMISSED, and the Motion to Dismiss [#3] is MOOT.

ENTERED this 30th day of June, 2008.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
